IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 03-cv-01280-WYD-BNB

JACK J. GRYNBERG,
GRYNBERG PRODUCTION CORPORATION and its successors, and
GRYNBERG PETROLEUM COMPANY and its successors,

Plaintiffs,

v.

TOTAL S.A.,

Defendant.
_____

**ORDER**
_____

This matter is before me on the following motions:

(1)   **Plaintiffs' Motion to Strike Defendant's Expert Gregor Sevadjian and Alterative Motion for Extension of Time to Submit Expert Opinions In Rebuttal to Mr. Sevadjian's Opinion** (the "Motion re Experts"), filed August 5, 2005; and

(2)   **Defendant's Motion to Amend Scheduling Order to Extend Time for Filing Dispositive Motions** (the "Motion to Extend Schedule"), filed August 11, 2005.

I held a hearing on the motions this morning and made rulings on the record. In summary and for the reasons stated on the record:

IT IS ORDERED that the Motion re Experts is GRANTED to allow the plaintiffs to designate Dr. Anatoly Kaplan as a rebuttal expert and provide the information required pursuant to Fed. R. Civ. P. 26(a)(2). That designation and disclosure was completed on August 29, 2005. Good cause exists to extend the deadline to designate rebuttal experts due to the translation

problems relating to articles relied upon by the defendant's expert, Gregor Sevadjian. See Washington v. Arapahoe County Dept. of Social Services, 197 F.R.D. 439, 440-41 (D. Colo. 2000). The Motion re Experts is DENIED insofar as it seeks to strike Mr. Sevadjian as an expert. Although the late designation may cause some surprise to the defendant, any prejudice is easily cured by extending discovery to allow a subpoena duces tecum to be served on Dr. Kaplan and to allow his deposition. Id. at 441. Consequently, the defendant may have to and including **October 7, 2005**, to serve a subpoena duces tecum on Dr. Kaplan and to complete his deposition. None of this will disrupt the orderly and efficient trail of the case, and I find that there is no bad faith or willfulness on the part of any party. Id.

IT IS FURTHER ORDERED that the Motion to Extend Schedule is DENIED. This is a complex case. It would place an unreasonable burden on the district judge to postpone the filing of motions for summary judgment beyond the current deadline of September 16, 2005, in view of the February 6, 2006, trial date. In any event, the defendants have failed to establish good cause to extend this deadline.

Dated September 7, 2005.

BY THE COURT:

/s/ Boyd N. Boland
United States Magistrate Judge