IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 03-cv-01280-WYD-BNB

JACK J. GRYNBERG,
GRYNBERG PRODUCTION CORPORATION and its successors, and
GRYNBERG PETROLEUM COMPANY and its successors,

Plaintiffs,

v.

TOTAL S.A.,

Defendant.

---

## ORDER

---

This matter is before me on the **Defendants' Motion for Leave to Conduct Additional Discovery Pursuant to Magistrate Judge's October 18, 2005 Order** [Doc. # 240, filed 11/14/05] (the "Motion").[1]  The Motion is GRANTED as specified below.

The defendant seeks an order allowing it to depose two additional witnesses--David G. Ebner and Ronald C. Mink--and to serve the witnesses with subpoenas duces tecum.  Ebner and Mink are lawyers who represented the plaintiffs and upon whom the plaintiffs rely as part of their opposition to Total's statute of limitations defense.

---

[1]The plaintiffs responded to the Motion in their *Plaintiffs' Response to Defendant's Motion for Leave to Conduct Additional Discovery Pursuant to Magistrate Judge's October 18, 2005 Order and Cross-Motion for Protective Order* [Doc. # 246, filed 11/21/05] (the "Response").  The Response purports to assert a cross-motion for protective order, in violation of the requirements of D.C.COLO.LCivR 7.1C, which provides that "[a] motion shall not be included in a response or reply to the original motion" but instead must "be made in a separate paper."  Consequently, the cross-motion is DENIED.  I have considered the arguments in support of the cross-motion as a part of the response, however.

The issue of discovery concerning matters known to Ebner and Mink first arose in connection with the *Defendants' Motion to Compel Production of Documents Responsive to Second and Third Requests for Production* [Doc. # 171, filed 5/20/05].  Through that motion, the defendant sought the production of documents containing communications between the plaintiffs and three of their lawyers--Ebner, Minkoff, and  Phillipe Auzas.  I granted that motion, finding that the plaintiffs had waived the attorney-client privilege and the work-product immunity with respect to certain communications between the plaintiffs and the lawyers because the plaintiffs had indicated their intention to rely on the advice of their lawyers in opposing Total's statute of limitations defense.  Of particular importance to me in finding a waiver of the attorney-client privilege and work-product immunity was the affidavit of Jack J. Grynberg, which states:

> Attached hereto and incorporated herein for all purposes as Exhibit A to the affidavit is a true copy of a legal opinion dated July 13, 2001, faxed to me from one of my attorneys, David G. Ebner.  This opinion is a privileged communication between me and my attorney containing legal advice to me from Mr. Ebner, and is presented as Exhibit A with redactions.  I do not intend to waive my claim of attorney-client privilege with respect to any other communications with Mr. Ebner, nor do I intend to waive my claim of attorney client privilege as to the redacted portions of Exhibit A.
>
> Mr. Ebner has represented me in various matters continuously for twenty eight (28) years.  As Exhibit A shows, I had requested his research and his opinion concerning a basis for this present lawsuit against the defendants (Total).  Exhibit A is his negative reply to that request, based upon his research, as well as upon his long familiarity with other litigation to which I was a party that involved companies other than Total.  That litigation involved the determination of ownership of oil and natural gas production rights in the Area of Mutual Interest (AMI) in Kazakhstan . . ., just like this present action against Total.

> I believed Mr. Ebner's negative opinion given in Exhibit A, I relied
> upon it, and consequently did not file this suit against Total at that
> time, because his opinion confirmed that I did not have the material
> facts to file this suit.

Order [Doc. # 218, filed 10/18/05], p.2 (quoting *Affidavit of Plaintiff Jack J. Grynberg in Support of Plaintiffs' Additional Materials in Connection with Defendants' Motion for Summary Judgment Based on Statutory Tolling of Limitations Under C.R.S. 13-80-118* [Doc. # 47, filed 3/24/04] (the "Grynberg Aff.") at ¶¶1-3).

Relying on <u>Frontier Refining Inc. v. Gorman-Rupp Co., Inc.</u>, 136 F.3d 695 (10th Cir. 1998, and <u>United States v. Workman</u>, 138 F.3d 1261 (8th Cir. 1998), I found that the plaintiffs had waived any privilege concerning specified communications based on their advice-of-counsel defense to Total's statute of limitations argument.  Order [Doc. # 218] at p.7.  Consequently, I ordered that specified documents be produced in response to various requests for production served by Total.  In connection with ordering the production of documents, I found that (1) "Mr. Grynberg's statements in his affidavit . . . put at issue" his communications with his lawyers; (2) the "mental impressions of . . . [the] lawyers are directly at issue"; (3) "Total's need for the information is compelling, in view of Grynberg's reliance on the advice of his counsel in response to Total's statute of limitations defense"; and (4) the information was not available elsewhere.  <u>Id.</u> at pp.8, 10.

The Tenth Circuit Court of Appeals considered the issue of deposing the opposing party's lawyer in <u>Boughton v. Cotter Corp.</u>, 65 F.3d 823 (10th Cir. 1995), and cited with approval the test articulated by the Eighth Circuit in <u>Shelton v. American Motors Corp.</u>, 805 F.2d 1323, 1327 (8th Cir. 1986), as follows:

> The <u>Shelton</u> court held that depositions of opposing counsel should
> be limited to where the party seeking to take the deposition has
> shown that: (1) no other means exist to obtain the information than
> to depose opposing counsel; (2) the information sought is relevant
> and nonprivileged; and (3) the information is crucial to the
> preparation of the case.

<u>Boughton</u>, 65 F.3d at 829.

I have found that the information sought is relevant and nonprivileged and that it is crucial

to Total's preparation of the case.  Order [Doc. # 218] at pp.7-8, 10.  The remaining issue is

whether the information can be obtained through some other means.

Lawyers give advice orally as well as in writing.  It is possible that certain crucial

information was communicated from Ebner and Minkoff to the plaintiffs orally and not in the

written materials that I have ordered produced.  Consequently, it is proper for Total to test the

completeness of the information they have obtained through document production by the

depositions of the lawyers providing the advice.  That information is not otherwise available.

I agree with the plaintiffs that it is proper to limit the scope of the depositions, however.

First, I will not allow Total to serve subpoenas duces tecum on Ebner and Minkoff.  The plaintiffs

have confirmed that they already have produced the responsive documents in the files of Ebner

and Minkoff.  <u>See</u> *Plaintiffs' Response to Defendant's Motion for Leave to Conduct Additional*

*Discovery Pursuant to Magistrate Judge's October 18, 2005 Order and Cross-Motion for*

*Protective Order* [Doc. # 246, filed 11/21/05] at p.5 (stating that "[i]n complying with the Order

[Doc. # 218], Plaintiffs sent a copy of the Order to each attorney, and each attorney provided

responsive documents in their possession and control").

4

In addition, the lawyers' testimony must be limited to that information about which I have found a waiver of the attorney-client privilege and work-product immunity, and about which I compelled the production of documents.  Consequently, the inquiry at the depositions is limited to communications between Ebner and/or Minkoff and the plaintiffs and their representatives occurring prior to January 29, 2002, regarding information and conclusions about Total's involvement in oil and natural gas exploration, development, and production in Kazakstan, and information about Total's involvement in signing a contract for oil and natural gas exploration, development, and production in Kazakstan, including specifically information about Total's involvement in the Kazakstan AMI.

Finally, I agree that the depositions of Ebner and Minkoff must be limited to a reasonable time, which I find to be four hours of testimony each.

IT IS ORDERED that the Motion is GRANTED as specified.

IT IS FURTHER ORDERED that the depositions shall be taken at a time and place as the parties and witnesses may agree, but not later than **June 16, 2006**.

Dated April 26, 2006.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge