IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  03-D-1280 (BNB)

JACK J. GRYNBERG,
GRYNBERG PRODUCTION CORPORATION, and its successors, and
GRYNBERG PETROLEUM COMPANY, and its successors,

      Plaintiffs,

v.

TOTAL COMPAGNIE FRANCAISE DES PETROLES,
TOTAL FINA ELF S.A., and
TOTAL S.A.,

      Defendants.
_____

**ORDER**
_____

THIS MATTER is before the Court on Plaintiffs' Motion to Alter or Amend

Judgment Pursuant to Fed. R. Civ. P. 59(e), filed June 16, 2006 ("motion").  Defendant

Total S.A. filed a response to the motion on June 19, 2006, and Plaintiffs filed a reply

on June 21, 2006.

On May 31, 2006, I entered an Order granting Defendants' Second Motion for

Summary Judgment Based on Limitations and Laches and dismissing with prejudice

the claims and causes of action asserted against Defendants in this case.  On June 2,

2006, final judgment entered in favor of Defendant Total S.A. and against Plaintiffs, and

Plaintiffs' complaint and action were dismissed with prejudice.

In the motion before the Court, Plaintiffs contend, for the first time, that this Court

should have applied a six-year statute of limitation in connection with Plaintiffs' unjust

enrichment claim. According to Plaintiffs, their claim for unjust enrichment seeks to recover a determinable debt and C.R.S. § 13-80-103.5(1)(a) mandates application of a six-year general limitation period.

A motion for reconsideration is construed in one of two ways. *Hawkins v. Evans*, 64 F.3d 543, 546 (10th Cir. 1995). "'If the motion is filed within ten days of the district court's entry of judgment, the motion is treated as a motion to alter or amend the judgment under Fed.R.Civ.P. 59(e).'" *Hawkins*, 64 F.3d at 546 (quotation omitted). "'Alternatively, if the motion is filed more than ten days after the entry of the judgment, it is considered a motion seeking relief from the judgment under Fed.R.Civ.P. 60(b).'" *Id.* (quotation omitted); *see also Lawrence v. Maher*, 62 Fed.Appx. 907, 2003 WL 1889961, at *1 (10th Cir. 2003) (unpublished). "[R]egardless of how it is styled or construed . . . , a motion filed within ten days of the entry of judgment that questions the correctness of the judgment is properly treated as a Rule 59(e) motion." *Phelps v. Hamilton*, 122 F.3d 1309, 1323 (10th Cir. 1997). "Furthermore, we have held that a motion will be considered under 59(e), 'when it involves reconsideration of matters properly encompassed in a decision on the merits.'" *Phelps*, 122 F.3d at 1323 (quotation omitted); *see also Mantle Ranches, Inc. v. United States Park Service*, 950 F. Supp. 299, 300 (D. Colo. 1997) (a Rule 59 motion to alter or amend judgment may properly be cast in the form of a motion for reconsideration).

A motion for reconsideration "is an extreme remedy to be granted in rare circumstances." *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 944 (10th Cir. 2995). There are three major grounds that justify reconsideration under Rule

59(e): (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Brunswick v. Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 944 (10th Cir. 1995); *Mantle Ranches*, 950 F. Supp. at 300. Moreover, "[a] Rule 59(e) motion to alter or amend the judgment should be granted 'only to correct manifest errors of law or to present newly discovered evidence.'" *Phelps*, 122 F.3d at 1324 (quotation omitted). "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete*, 204 F.3d at 1012. "It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*; *see also Mantle Ranches*, 950 F. Supp. at 300 ("'a motion for reconsideration is not a license for a losing party's attorney to get a 'second bite at the apple' and make legal arguments that could have been raised before"). "[A] motion for reconsideration and a successive Rule 60(b) motions . . . are inappropriate vehicles to reargue an issue already addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion. " *Servants of the Paraclete*, 204 F.3d at 1012.

Here, Plaintiffs do not advance any of the three recognized grounds for granting a Rule 59(e) motion, but rather make a legal argument that could have been raised in prior briefing. Moreover, Plaintiffs claim for unjust enrichment in this case is based on Total's violation of an alleged joint venture agreement set forth in the July 17, 1990 Letter from Plaintiffs to Total. Plaintiffs contend that Total breached the joint venture

agreement when it entered a profitable Production Sharing Agreement with other companies, to the exclusion of Plaintiffs.  Nothing in the alleged joint venture agreement contains a specific method for determining amounts due to the parties to the agreement.  In addition, the damages recoverable for unjust enrichment are restitution damages.  Contrary to Plaintiffs' contention, the unjust enrichment claim does not seek to recover a determinable debt.  As stated in my Order of May 31, 2006, Plaintiffs' unjust enrichment claim is subject to a three-year statute of limitations.  *Luttgen v. Fischer*, 107 P.3d 1152, 1157 (Colo. App. 2005) (citing COLO. REV. STAT. § 13-80-101(1)(a)); *Rotenberg v. Richards*, 899 P.2d 365, 367-68 (Colo. App. 1995).

Therefore, for the reasons stated above, it is hereby

ORDERED that Plaintiffs' Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e), filed June 16, 2006 (docket #353) is **DENIED**.

Dated:  July 5, 2006

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge