UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 03-CV-1280 WYD-BNB

JACK J. GRYNBERG et. al.
Plaintiffs,

vs.

TOTAL S.A.
Defendant.

---

## ORDER

---

### I.  INTRODUCTION

THIS MATTER is before the Court in connection with the Motion for Review for

Taxation of Costs filed July 5, 2006 (docket #358) by Plaintiffs Jack J. Grynberg,

Grynberg Production Corporation and Grynberg Petroleum Company (collectively

"Grynberg").  Grynberg's motion seeks to reduce the costs taxed against him by the

Clerk of Court.  Defendant Total S.A. ("Total") filed a Response on July 14, 2006

(docket #359), seeking reimbursement of all the costs taxed by the Clerk of Court, as

well as additional amounts which Total originally requested in its Bill of Costs.

### II.  BACKGROUND

Grynberg initiated this action against Total for unjust enrichment and breach of

fiduciary duty based on allegations that Total appropriated the value of its work and

confidential information leading to the largest oil, natural gas and sulphur discovery in

the world in over 40 years, which was located in the Northeastern Caspian Sea off of

Kazakhstan, and then refused to pay Grynberg fair compensation for the value of the

confidential information, work, and contacts that led to this discovery. *See* First Am.

Comp. ¶¶ 3, 43-44.  Grynberg alleges that as a direct result of wrongly appropriating

Grynberg's effort, confidential information and knowledge, Total acquired an oil and

natural gas interest in Kazakhstan having a fair market value of over ten (10) billion

dollars. *See* First Am. Comp. ¶¶ 3, 9.  On May 31, 2006, this Court entered an Order

finding that Grynberg's claims in this case were barred by the applicable statute of

limitations.  The Order granted summary judgment in favor of Total, and dismissed all

the claims and causes of action asserted against Total with prejudice.  Judgment

entered against Grynberg on June 2, 2006, and Total filed its Bill of Costs on June 15,

2006 (docket #351), pursuant to FED. R. CIV. P. 56(d)(1) and 28 U.S.C. § 1920.  Total

petitioned for an award of $105,311.51 in costs, and the Clerk of Court taxed

$76,280.24 in Total's favor on June 28, 2006 (docket #356).  Grynberg states in its

motion for review that it stipulated to $10,292.99 of the total amount taxed, but disputed

the remaining $65,987.25, which were awarded to Total for "translation costs."

Grynberg contends that the $65,987.25 awarded for translation costs should be

reduced to $11,763.32, a difference of $54,223.93, reducing the overall cost award to

$22,056.31.

III.    ANALYSIS

      A.    Legal Standard Applicable to Motions for Review of Taxation of Costs

FED. R. CIV. P. 54(d)(1) provides that "costs other than attorneys' fees shall be allowed

as of course to the prevailing party unless the court directs otherwise" and that "[s]uch

costs may be taxed by the clerk on one day's notice."  28 U.S.C. § 1920 defines the

terms "costs" as used in Rule 54(d) as follows:

> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Rule 54 "makes the award of costs presumptive: 'costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs.'" *Mitchell v. City of Moore, Oklahoma*, 218 F.3d 1190, 1204 (10th Cir. 2000); *see also Furr v. AT & T Technologies, Inc.*, 824 F.2d 1537, 1550 (10th Cir.1987) (there is a presumption in favor of awarding costs to the prevailing party). The final award of costs rests within the discretion of the court. *Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471, 1476 (10th Cir.1997). With respect to expenses not specifically allowed by statute, "[t]he court's exercise of its discretionary power turns on whether or not the costs are for materials necessarily obtained for use in the case." *U.S. Indus., Inc., v. Touche Ross & Co.*, 854 F.2d 1223, 1245 (10th Cir. 1988), *implied overruling on other grounds recognized by Anixter v. Home-Stake Prod. Co.*, 77 F.3d 1215, 1231 (10th Cir. 1996). "'Necessarily obtained' does not mean that the materials and services obtained 'added to the convenience of counsel . . . and perhaps . . . made the task of the trial judges easier.'" *Touche Ross*, 854 F.2d at 1245 (quoting *Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 234 (1964)). "The most direct evidence of 'necessity' is the actual use of

materials obtained by counsel or by the court." *Id.* at 1246. "If materials or services are reasonably necessary for use in the case even though not used at trial, the court can find necessity and award the recovery of costs." *Id.* "This is an issue of fact to be determined by the district judge based on either the existing record or the record supplemented by additional proof." *Id.* at 1245. "Even if the court finds the costs were for materials or services necessarily obtained, the amount of the award requested must be reasonable." *Id.* "The burden is on the party seeking costs . . . to establish the amount of compensable costs and expenses to which it is entitled and assumes the risk of failing to meet that burden." *Allison v. Bank One-Denver*, 289 F.3d 1223, 1248-49 (10th Cir. 2002).

      B.    <u>Whether Translation Costs are Improper Under 28 U.S.C. § 1920</u>

      Grynberg asserts that "translation" costs are not explicitly included in § 1920, and should not have been taxed by the Clerk. Section 1920 is a limited remedy which specifically designates the types of expenses that are reimbursable as costs. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987). Section 1920(6) specifically provides for taxation of "compensation of interpreters." The Tenth Circuit has not considered whether "compensation of interpreters," encompasses the translation of documents. However, the Sixth Circuit has found that a district court did not abuse its discretion in taxing costs for translation under § 1920(6). *BDT Products, Inc. v. Lexmark Intern., Inc.*, 405 F.3d 415, 419 (6th Cir. 2005). The Court in *BDT* reasoned that the "definition of interpret expressly includes to 'translate into intelligible or familiar language.'" *BDT*, 405 F.3d at 419. I find the reasoning in *BDT* persuasive. *See also In*

*re Fialuridine (FIAU) Products Liability Litigation*, 163 F.R.D. 386, 388-89 (D.D.C. 1995).

Therefore, I reject Grynberg's argument that translation costs are not allowed under §

1920.

    C.    <u>Whether the Translation Costs Were "Actually Utilized"</u>

Grynberg next asserts that Total has failed to demonstrate that the translation

costs awarded were "necessary for proper determination of issues presented, and of

material aid to the Court in resolving disputed issues of fact" on summary judgment.

*BDT*, 405 F.3d at 419.  Grynberg contends that the translations were "never filed,

exhibited, or referred to in the dispositive motion for summary judgment."  Total

concedes that its translations expenses were incurred to translate documents into

English for use as trial exhibits.  Pursuant to the Final Pretrial Order, the parties were

required to provided translated trial exhibits to one another on or before November 7,

2005.  Total notes that these pretrial deadlines passed before the summary judgment

hearing in May 2006, and argues that Total necessarily incurred the expense of having

its foreign language trial exhibits translated in order to comply with the Final Pretrial

Order.  As explained by the Tenth Circuit in *Callicrate v. Farmland Indus., Inc.*, 139

F.3d 1336, 1339-41 (10th Cir. 1998), it would be "inequitable to essentially penalize a

party who happens to prevail on a dispositive motion by not awarding costs associated

with that portion of discovery which had no bearing on the dispositive motion, but which

appeared otherwise necessary at the time it was taken for proper preparation of the

case."

Grynberg asserts that the "orders affecting translation imposed deadlines for

submitting them, but did not require any translations at all." However, the minute order dated October 13, 2005, states that "the parties shall exchange translations on or before November 7, 2005.  Translation objections will be filed on or before December 12, 2005."  This order necessarily implies that the parties were required to translate various trial related documents, exchange those translated documents, and that either party would then have the opportunity to object to the proposed translations.  I find that the translations obtained by Total were "necessarily obtained for use in the case," even though Total did not rely on these documents in connection with its summary judgment motion.  *See Allison*, 289 F.3d at 1248.

C.      Reasonableness of Translation Costs Taxed

Grynberg next asserts that even if I find that translation costs are permitted, I must still reduce certain "improper" items.  Grynberg complains about excessive "rush" charges, unwarranted charges for translation of documents from English to French, translations charges associated with the deposition of Gregor Sevadjian, and charges Grynberg asserts were incurred in a different case labeled "Total/Exon."  I will address each of the disputed items in turn.

1.      Rush Charges

First, Grynberg challenges $11,029.88 of what he characterizes as "excessive and unjustified 'Rush' charges" in connection with the translated documents.  A review of the disputed invoices attached as Exhibits A-2, A-3 and A-4 to the motion, shows a total of $1,338.91 in "rush" charges, and Exhibit A-5 includes $2,097.93 for what is described as "Rush service."  Total contends these amounts should be taxed "because

litigation and discovery exigencies often call for vendor and translation services to be performed on an expedited basis."  While this may be true, Total has failed to explain why any of the "rush" services were necessary in this case.  I agree with Grynberg that these rush charges are unreasonable and find that rush charges totaling $3,436.84 should be excluded from the total amount taxed for translation costs.

### 2.    English to French Translation

Grynberg next complains about $3,011.40 in translation charges apparently assessed for translations from English to French, set forth in Exhibit A-2 to the motion.  According to the affidavit of Blaire Pittman, attached to Total's response, the invoice in question contains a typographical error, and should have indicated that the translation performed was from French to English.  Therefore, I find that the translation costs described in this invoice were properly taxed.

### 3.    Translation of Deposition Exhibits

Grynberg challenges the translation costs set forth in Exhibits A-7, A-8, A-9, and A-10, for translation of certain exhibits to the deposition of Gregor Sevadjian, one of Total's designated expert witnesses.  Grynberg challenges these costs on the grounds that costs for the Sevadjian deposition itself were not allowed.  However, as Total notes in its response, the translated documents were to be used as exhibits at trial.  Therefore, I find that the translation costs associated with these exhibits were properly taxed.

### 4.    Total/Exxon Charges

Finally, Grynberg disputes $26,921.27 in translation costs allegedly incurred in

"a different case labeled Total/Exxon," as set forth in Exhibit A-11 to the motion.  The

job description on the invoice in question reads "Total/Exxon."  However, as set forth in

the affidavit of Matthew C. Dineen, attached to Total's response, the job description

should have read "Grynberg v. Total."  I find that the translations costs set forth in

Exhibit A-11 were incurred in this case and were properly taxed.

        D.      Total's Request for Additional Costs

        I now turn to Total's request for additional costs associated with deposition

transcripts, court hearing transcripts, printing and copying costs, and a courier travel

expense it contends was "previously ordered by the Court to be paid by plaintiffs."

        1.      Deposition and Court Hearing Transcripts

        The clerk taxed $2,352.20 of the $18,885.55 Total requested in connection with

obtaining various deposition transcripts and transcripts for various court hearings.

Total asserts that it is entitled to the entire amount requested pursuant to § 1920(2),

which  "permits recovery of depositions costs 'necessarily obtained for use in the

case.'"  *Mitchell v. City of Moore, Oklahoma*, 218 F.3d 1190, 1204 (10th Cir. 2000).

The Tenth Circuit holds that this section "'authorizes recovery of costs with respect to

all depositions reasonably necessary to the litigation of the case.'"  *Mitchell*, 218 F.3d at

1204 (quoting *Furr v. AT & T Technologies, Inc.*, 824 F.2d 1537, 1550 (10th Cir. 1987)).

Costs are recoverable even as to deposition transcripts that were not used in summary

judgment motions.  *Id.* at 1204-05 (quoting *Callicrate*, 139 F.3d at 1340).

        In response to Total's argument, Grynberg rehashes its assertion that the

translation costs incurred by Total were "unnecessary."  Grynberg also contends,

without support or explanation, that Total "now admit[s] that [it] had misrepresented the true nature of the transcriptions." I agree with Total that it is entitled to all of the deposition and transcript costs necessarily incurred in this case, and that the amount taxed for such items should be increased from $2,352.20 to $18,885.55.

### 2.   Fees and Disbursements for Printing

Total next complaints that the Clerk did not tax $3,219.63 itemized on its Bill of Costs as "fees and disbursements for printing," and $1,122.00 itemized as "fees for exemplification" and processing of papers certified from the U.S. Library of Congress. As to costs for copies, generally, the plaintiff has the burden to prove that "the copies for which he sought reimbursement were necessarily obtained for use in this case by pointing to the existing record or supplementing it with additional proof, and the amount of their request was reasonable." *Case v. Unified School Dist. No. 233*, 157 F.3d 1243, 1258 (10th Cir. 1998). Total submitted invoices for these items in connection with its Bill of Costs. In its reply, Grynberg does not address Total's argument that these items should have been taxed as costs. Total states that the amounts it seeks for scanning of documents and exemplification of published technical articles obtained from the Library of Congress were "necessary for trial preparation," were used to prepare various trial exhibits. As with the translation costs awarded above, I find that the costs Total incurred in connection with fees and disbursements for printing and exemplification of papers were "necessarily obtained for use in the case," even though Total did not rely on these documents in connection with its summary judgment motion. Therefore, I find that Total should be awarded an additional $3,219.63 in

disbursements for printing costs and an additional $1,122.00 in exemplification costs.

### 3.    Courier/Travel Expenses

Finally, Total complains that the Clerk taxed only the stipulated amount of

$7,940.79 for costs itemized as "courier/travel expenses taxed to plaintiff pursuant to

Orders dated 05/03/06 and 05/22/06," and not the entire $15,881.58 requested.  The

first $7,940.79 of these costs were stipulated to and covered airfare, hotel,

transportation and meals for a secure courier to transport certain confidential

documents.  Total seeks an additional $7,940.79 in costs to cover the expense of

returning these documents to France.  I find that such costs have not been properly

documented, and should not be treated as a taxable cost under § 1920.  Therefore, I

deny Total's request for these additional amounts.

## III.   CONCLUSION

In conclusion, for the reasons stated herein, it is hereby

ORDERED that the Motion for Review for Taxation of Costs filed July 5, 2006 (docket

#358) is **GRANTED IN PART**.  It is

FURTHER ORDERED that Total's request for additional costs set forth in its

Response filed July 14, 2006 (docket #359) is **GRANTED IN PART**.  It is

FURTHER ORDERED that the Bill of Costs taxed by the Clerk of Court (docket

#356) shall be modified as follows:

1.    Rush charges totaling **$3,436.84** should be excluded from the total

amount taxed as "Other costs" for translations necessarily obtained for

use in the case;

2.      The amount taxed for "Fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case" should be increased from $2,352.20 to **$18,885.55**;

3.      An additional **$3,219.63** for "Fees and disbursements for printing" and an additional **$1,122.00** for "Fees for exemplification and copies of papers necessarily obtained for use in the case" shall be added to the Bill of Costs.

Dated:  November 27, 2006

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge